IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

BENJAMIN S. GREENE,
et al.,

    Plaintiffs,

v.                                Civil Action No. 3:12cv780

LNV CORPORATION,

    Defendant.

## MEMORANDUM OPINION

This matter is before the Court on the MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT (Docket No. 12), pursuant to Fed. R. Civ. Proc. 12(b)(6), that was filed by Defendant LNV Corporation ("LNV"). For the reasons set forth herein, the motion will be granted.

## BACKGROUND

On August 6, 1998, Benjamin and Barbara Greene (collectively, the "Greenes" or the "Plaintiffs") entered into a mortgage loan with Green Tree Financial Servicing Corporation to secure financing for a house located at 12021 Courtyard Glen Place, Richmond, Virginia (the "Property"). Pls.' Am. Compl. ¶¶ 4, 6, ECF No. 10. The loan was evidenced by a note (the "Note") secured by a credit line deed of trust (the "Deed of Trust") recorded in the public land records. Id. ¶ 6. Although it is

unclear from the pleadings, at some point LNV became the holder of the Note.

The Deed of Trust appointed Orlando Turner ("Turner") as the trustee. Id. Additionally, it contained the following relevant provisions:

> [Paragraph 25] SUCCESSOR TITLE. Lender, at Lender's option, may from time to time remove Trustee and appoint a successor or successors to any trustee without any other formality than the designation in writing. The successor or any successors to any trustee, without conveyance of the Property, shall succeed to all the title, power and duties conferred upon Trustee by this Security Instrument and applicable law.

Id. ¶ 9.

> [Paragraph 15] REMEDIES ON DEFAULT. In some instances, federal and state law will require Lender to provide Grantor with notice of the right to cure or other notices and may establish time schedules for foreclosure action. Subject to these limitations, if any, Lender may accelerate the Secured Debt and foreclose this Security Instrument in a manner provided by law if Grantor is in default.
>
> At the option of Lender, all or any part of the agreed fees and charges, accrued interest and principal shall become immediately due and payable . . . upon the occurrence of default or anytime thereafter.
>
> If there is a default, Trustee shall . . . at the request of the bidder for cash and convey absolute title free and clear of all right, title and interest of Grantor at such time and place as Trustee designates. Trustee shall give notice of sale including the time, terms and place of sale and a description of the Property to be sold as required by the applicable law in effect at the time of the proposed sale.

2

> Upon sale of the Property and to the extent not prohibited by law, Trustee shall make and deliver a deed to the Property sold which conveys absolute title to the purchaser . . . . Lender may purchase the property.

Id. ¶ 10.

> [Paragraph 24] APPLICABLE LAW. The Security Instrument is governed by the laws of the jurisdiction in which Lender is located, except to the extent otherwise required by the laws of the jurisdiction where the Property is located.

Id. ¶ 11.

On November 18, 2011, LNV executed and recorded a substitution of trustee ("Substitution of Trustee") appointing Glasser & Glasser, LLC ("Glasser") as a substitute trustee with respect to the Deed of Trust. Def.'s Mem. in Supp. of Mot. to Dismiss 2, ECF No. 13; Am. Compl. ¶ 18. On the top left corner of the second page of the two-page Substitution of Trustee is a copy of a staple mark unmatched by any staple mark on page one. Am. Compl. ¶ 19.

The Greenes eventually defaulted on the Note,[1] Am. Compl. ¶ 17, and LNV authorized Glasser to initiate foreclosure proceedings on the Property, Def.'s Mem. at 2. Pursuant to paragraph 15 of the Deed of Trust, Glasser advertised the sale of the Property in a Henrico County newspaper on December 14, 2011. Am. Compl. ¶ 23. The advertisement identified Glasser as the trustee. Id. ¶ 25. On December 14, 2011, Glasser conducted a

---

[1] The pleadings are unclear as to the date of default.

foreclosure auction of the Property, id. ¶ 26, at which it sold the Property to LNV for $32,679.69, Am. Compl. ¶ 31. A trustee's deed conveying title of the Property to LNV was recorded on March 12, 2012. Def.'s Mem. at 2. The trustee's deed states the assessed value of the Property as $254,900. Am. Compl. ¶ 31. After the sale, LNV reported the foreclosure to credit bureaus. Id. ¶ 33. Pursuant to the properly recorded trustee's deed, LNV asked the Greenes to vacate the Property, but they refused. Def.'s Mem. at 2.

On February 21, 2012, LNV filed an unlawful detainer action against the Greenes in Henrico County General District Court. Am. Compl. ¶ 34. On May 25, 2012, the Henrico County General District Court entered an order awarding possession of the Property to LNV. Id. ¶ 35. The Greenes timely appealed the order to the Henrico County Circuit Court. Id. On October 4, 2012, the Henrico County Circuit Court entered an order granting LNV possession, but precluding it from seeking a writ of possession until after this Court entered a final order in this case. Id. ¶ 36.

The Greenes filed their Amended Complaint with this Court on November 28, 2012. Their primary allegation is that LNV's Substitution of Trustee replacing Turner with Glasser is invalid. In support of this allegation, the Greenes point to the staple mark on the second page of the document. They argue that the

mark indicates that a lender representative signed the second page before the first page (which contained the appointment information) was attached, thereby rendering the Substitution of Trustee void *ab initio*, or alternatively voidable. From this flow a number of secondary allegations, all of which depend on the validity of the Substitution of Trustee. These include the following:

(a) LNV violated Va. Code Ann. § 55-59.3 (which requires the advertisement to name the trustee of record) by failing to identify Turner as the trustee in the advertisement of foreclosure, Am. Compl. ¶ 25;

(b) LNV violated the Deed of Trust by acting through Glasser to conduct an unauthorized foreclosure of the Property, *id.* ¶ 27;

(c) LNV executed, through Glasser, a trustee's deed, which purported to convey title of the Property to LNV, thereby violating the Deed of Trust, *id.* ¶ 32; and

(d) LNV wrongfully reported to credit bureaus that there had been a valid foreclosure on the Property, in violation of the Deed of Trust, *id.* ¶ 33.

The Greenes seek declaratory (or alternatively injunctive) relief from this Court granting them quiet title to the Property. *Id.* ¶ 45. Additionally, they seek compensatory damages for the

5

economic harm suffered as a result of LNV's reporting of the foreclosure to the credit bureaus.[2] Id. ¶ 41.

LNV filed its motion to dismiss the Amended Complaint. See Def.'s Mot. to Dismiss, ECF No. 12. In support of the motion, LNV argues that the Greenes' claims should be dismissed for four reasons.

> (1) [T]he Plaintiffs lack standing to challenge the appointment of [Glasser] as substitute trustee, (2) the facts asserted by Plaintiffs are insufficient to state a claim for breach of the Deed of Trust, (3) the Plaintiffs admit they owed money on the Deed of Trust, thus, they cannot maintain a cause of action to quiet title, and (4) [Defendant] has provided sufficient evidence to constitute waiver by Plaintiffs of their right to contest the foreclosure sale.

Def.'s Reply Br. in Supp. of Mot. to Dismiss 1, ECF. No. 21.

**DISCUSSION**

I. **Standard Of Review**

A motion to dismiss under Rule 12(b)(6) seeks to test the legal sufficiency of the factual allegations made in the Complaint. F.R.C.P. 12(b)(6). Under Rule 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." F.R.C.P. 8(a)(2). As the United States Supreme Court has held, the pleading standard that Rule 8(a) announces does not require "detailed factual

---

[2] The Greenes fail to assign a dollar value to the compensatory damages sought in their Amended Complaint. However, the Notice of Removal states the dollar value as $100,000. Def.'s Notice of Rem. ¶ 4, ECF No. 1.

allegations," but it demands more than an unadorned accusation. Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007). A pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Id. Nor does a complaint suffice if it tenders only "naked assertion[s]" devoid of "further factual enhancement." Id. at 557.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted by the court as true, to "state a claim to relief that is plausible on its face." Id. at 570. A claim has facial "plausibility" when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Id. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id. at 557. Nevertheless, the Supreme Court repeatedly emphasized that alleging plausible grounds for a claim "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence" to prove the alleged claim. Id. at 556. This pleading standard governs "all civil actions and proceedings in

7

the United States district courts." Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009).

## II. This Court Lacks Jurisdiction to Hear This Matter as the Greenes Have Presented neither a "Case" nor a "Controversy"

The United States Constitution's familiar "case-or-controversy" requirement limits the jurisdiction of federal courts.[3] U.S. Const. Art. III, § 2. To fit within this constitutional limitation, plaintiffs suing in federal court must have standing.

> Over the years, our cases have established that the irreducible constitutional minimum of standing contains three elements. First, the plaintiff must have suffered an "injury in fact" . . . . Second, there

---

[3] Both parties incorrectly rely on Virginia standing law. See Def.'s Mem. at 4 (quoting the requirements for standing under Virginia case law); Pls.' Mem. at 10 (relying exclusively on Virginia case law for their standing argument). While some circuits require plaintiffs to satisfy both federal constitutional standing as well as the standing requirements of the particular state, see, e.g., Comer v. Murphy Oil U.S.A., 585 F.3d 855, 861-62 (5th Cir. 2009) ("Because this is a diversity case involving state common-law rights of action, plaintiffs must satisfy both state and federal standing requirements."); Mid-Hudson Catskill Rural Migrant Ministry, Inc. v. Fine Host Corp., 418 F.3d 168, 173-75 (2d Cir. 2005) (holding that in a diversity suit "a plaintiff must have standing under both Article III of the Constitution and applicable state law in order to maintain a cause of action"), the Fourth Circuit does not. White v. Nat'l Union Fire Ins. Co., 913 F.2d 165, 167 (4th Cir. 1990) ("Federal standards guide the inquiry as to the propriety of declaratory relief in federal courts, even when the case is under the court's diversity jurisdiction."), quoted in Miller v. Augusta Mut. Ins. Co., 157 Fed. App'x 632, 636 (4th Cir. 2005) (per curiam); Lott v. Scottsdale Ins. Co., 811 F.Supp.2d 1224, 1230 n.8 (E.D. Va. 2011) ("In this circuit, a plaintiff's standing to maintain a declaratory judgment action is a question of federal law, even where, as here, a district court in diversity is called on to adjudicate a state-created right.").

8

must be a causal connection between the injury and the conduct complained of . . . . Third, it must be "likely," as opposed to merely "speculative," that the injury will be redressed by a favorable decision.

Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). A plaintiff bears the burden of proving these three elements by alleging sufficient facts in its complaint. Warth v. Seldin, 422 U.S. 490, 518 (1975) ("It is the responsibility of the complainant clearly to allege facts demonstrating that he is a proper party to invoke [federal] judicial resolution of the dispute and the exercise of the court's remedial powers."); see also Bischoff v. Osceola County, 222 F.3d 874, 878 (11th Cir. 2000) ("[W]hen standing becomes an issue on a motion to dismiss, general factual allegations of injury resulting from the defendant's conduct may be sufficient to show standing."); Haase v. Sessions, 835 F.2d 902, 904 (D.C. Cir. 1987) (explaining that a defendant's challenge to a plaintiff's standing in the form of a motion to dismiss "is based exclusively on [the] plaintiff's pleadings"). Although the Greenes allege cognizable injuries, they have failed to meet their burden with respect to causation and redressability.

### a. The Injury-in-Fact Requirement

"In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan

9

Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The Greenes allege that they sustained the following injuries: (i) they lost the record ownership of the Property; (ii) they lost substantial equity in the Property; (iii) they sustained damage to their credit record; (iv) they sustained considerable inconvenience; (v) they expended sums to travel to and pay their legal counsel; and (vi) they were required to post bond funds to remain on the Property during the eviction litigation. Am. Compl. ¶ 38.

It is well-settled that economic damages constitute a cognizable injury-in-fact. Hein v. Freedom from Religion Found., Inc., 551 U.S. 587, 642 (2007) ("In the case of economic or physical harms, of course, the 'injury in fact' question is straightforward."); Danvers Motor Co., Inc., v. Ford Motor Co., 432 F.3d 286, 291 (3d Cir. 2005) ("While it is difficult to reduce injury-in-fact to a simple formula, economic injury is one of its paradigmatic forms."). Additionally, "[t]he law is clear that injuries to common law, constitutional, and statutory rights are sufficient for standing." Erwin Chemerinsky, Federal Jurisdiction 68 (4th ed. 2003); see also Katz v. Pershing, LLC, 672 F.3d 64, 72 (1st Cir. 2012) ("The invasion of a common-law right (including a right conferred by contract) can constitute an injury sufficient to create standing."). Therefore, the Greenes have sufficiently alleged an injury-in-fact for standing purposes

with respect to both Counts of their Complaint. Contra Wolf v. Fed. Nat'l Mortgage Ass'n, 830 F.Supp.2d 153, 162 (W.D. Va. 2011) (quoting Bridge v. Aames Capital Corp., No. 1:09-CV-2947, 2010 WL 3834059, *4 (N.D. Ohio Sept. 29, 2010) ("[R]egardless of the outcome of this litigation, [borrower] is still in default on her mortgage and subject to foreclosure. As a consequence, [borrower] has not suffered any injury . . . .").

### b. The Causation & Redressability Requirements

Although causation and redressability are two distinct elements of standing, typically they "overlap as two sides of a causation coin." Dynalantic Corp. v. Dep't of Def., 115 F.3d 1012, 1017 (D.C. Cir. 1997). "In order to prove causation, a plaintiff must demonstrate that the injury 'fairly can be traced to the challenged action of the defendant, and not . . . resulting from the independent action of some third party not before the court.'" Bishop v. Bartlett, 575 F.3d 419, 425 (4th Cir. 2009) (quoting Simon v. E. Ky. Welfare Rights Org., 426 U.S. 26, 41-42 (1976)).

LNV's allegedly unlawful conduct in this case came in the following forms: (i) violating Va. Code Ann. § 55-59.3 by failing to identify the trustee in the advertisement of foreclosure, Am. Compl. ¶ 25; (ii) violating the Deed of Trust and Va. Code Ann. § 55-59.1 by acting through Glasser to conduct an unauthorized and premature foreclosure of the Property, id. ¶¶ 27, 43; (iii)

executing, through Glasser, a trustee's deed, which purported to convey title of the Property to LNV, thereby violating the Deed of Trust, id. ¶ 32; and (iv) wrongfully reporting to credit bureaus that there had been a valid foreclosure on the Property, in violation of the Deed of Trust, id. ¶ 33. These actions were sequential and bore a common hallmark: but for the allegedly invalid Substitution of Trustee, they would be perfectly lawful. Therefore, rather than tracing back the purported injuries to one of the alleged violations of law listed above, the Greenes instead must demonstrate that but for LNV's allegedly invalid execution of the Substitution of Trustee, the foreclosure process would not have been triggered. The Greenes failed to make this showing.

The Greenes admit that they defaulted on the Note. In accordance with paragraph 15 of the Deed of Trust, LNV acted within its rights in proceeding with foreclosure. Thus, if taken as true, the allegation that LNV invalidly appointed Glasser as trustee does not undermine the causal event of the Greenes' default: their failure to make payment. To make the case that the Substitution of Trustee was the causal force behind their alleged injuries rather than their own default, the Greenes would have to plead that the Substitution of Trustee occurred before the default. In fact, the pleadings are unclear as to which occurred first. In any event, the date on which the alleged

12

injuries became practically inevitable was the date on which the Greenes fell into arrears, not the date on which LNV executed the Substitution of Trustee.

For similar reasons, the Greenes have failed to demonstrate redressability. Redressability requires a plaintiff to show "substantial likelihood" that the relief requested will redress the alleged injuries. Duke Power Co. v. Carolina Envtl. Study Grp., Inc., 438 U.S. 59, 75 n.20 (1978); see also Lujan, 504 U.S. at 561 ("[I]t must be 'likely,' as opposed to merely 'speculative,' that the injury will be redressed by a favorable decision.") (internal quotations omitted). The Greenes claim they are "entitled to entry of an order quieting their title to ownership of the home."[4] Am. Compl. ¶ 45. It is indeed unlikely that by granting such an order and reversing the foreclosure this Court will prevent or even delay the inevitable, namely, that LNV will immediately foreclose on the Property a second time with any paperwork deficiencies easily resolved. Assuming this to be true, the Greenes will find themselves in exactly the same situation in which they are now: lacking title to the Property. Although there might exist some hypothetical scenario in which LNV decides not to foreclose for a second time, the Greenes have

---

[4] The Greenes also seek compensatory damages. But the claim for damages depends on an initial ruling declaring invalid the Substitution of Trustee. Therefore, this Court's holding that the Greenes lack standing to bring their claim for declaratory relief moots the claim for damages.

13

not alleged it in their pleadings, and it is within neither the province nor expertise of this Court to allege it for them.

The lack of causation or redressability places this case beyond the Court's constitutional jurisdiction. Because the Greenes have failed to allege facts sufficient for constitutional standing, it is not necessary to address the merits of their Amended Complaint. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998) (quoting Mansfield, C. & L.M.R. Co. v. Swan, 111 U.S. 379, 382 (1884)) ("The requirement that jurisdiction be established as a threshold matter . . . is 'inflexible and without exception.'").

## CONCLUSION

The Plaintiffs have failed to allege facts sufficient for this Court to find either causation or redressability for standing purposes. For these reasons, the MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT (Docket No. 12) will be granted.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: April 16, 2013